IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID CORLISS and <br> MATTHEW ST. PIERRE, <br>     Plaintiffs, <br> v. <br> AMERICAN BLUE RIBBON <br> HOLDINGS, LLC, <br>     Defendant. | NO: _____ <br><br> JUDGE _____ <br><br> JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Plaintiffs David Corliss and Matthew St. Pierre (together, "Plaintiffs"), individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendant American Blue Ribbon Holdings, LLC ("ABRH") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") on behalf of and all current and former Assistant Managers, including Beverage Managers, Kitchen Managers, Service Managers, and all other comparable positions but different titles that are subordinate to the General Manager (collectively, "AMs"), and Managers-In-Training and all other comparable positions but different titles (collectively, "MITs") who worked at any of Defendant's Ninety Nine restaurant locations in the United States. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated individuals who have worked as AMs and MITs for Defendant at any of its Ninety Nine restaurants anywhere in the United States.

2. Defendant is a diversified food services company that owns and operates a casual restaurant under the tradename "Ninety Nine." http://www.abrholdings.com/.

3. Defendant operates more than 100 Ninety Nine restaurant locations across the United States. https://www.99restaurants.com/about.

4. In order to minimize labor costs, Defendant staffs Ninety Nine restaurants leanly and strictly manages hours worked by non-exempt, hourly workers to avoid paying them overtime wages. To compensate for this deliberate understaffing, Defendant relies heavily on salaried AMs to perform non-exempt work when there are not enough hourly employees to properly do so. Because of the restaurant hours and lean staffing model of Ninety Nine restaurants, AMs regularly work in excess of forty (40) hours per workweek but do not receive overtime pay.

5. Although they are labeled "managers," AMs are not responsible for true management functions. To the contrary, AMs spend the vast majority of their time performing the same duties as non-exempt, hourly employees. AMs' primary duties, which occupy the majority of their time, are: cooking and preparing food, making drinks, cleaning the restaurant, washing dishes, serving food and drinks, unpacking and stocking supplies, food expediting, and performing customer service.

6. The primary duties of AMs do not fall within any of the exemptions under federal overtime law.

7. The primary duties of the AM position do not vary among Ninety Nine restaurants.

8. Throughout the relevant period, Defendant's policy across the Ninety Nine restaurants has been to uniformly classify AMs as exempt from federal and state overtime provisions and not pay AMs any overtime wages despite requiring AMs to work more than 40 hours per workweek.

9. Defendant requires that AMs complete a training program as MITs prior to becoming AMs. During the training program, Defendant does not pay MITs for all of their hours worked, including overtime hours. This underpayment is a result of Defendant's policy and practice of requiring MITs to perform work "off-the-clock" while not clocked into any timekeeping system, while studying and completing Defendant's assignments and requirements of its training program.

10. By the conduct described herein, Defendant had violated the FLSA and state wage and hour laws by failing to pay AMs and MITs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

11. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendant nationwide who worked at Ninety Nine Restaurants and who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

## THE PARTIES

*Plaintiff David Corliss*

12. Plaintiff Corliss is an adult individual who is a resident of Chicopee, Massachusetts.

13. Corliss was employed by Defendant as a MIT from approximately August or September 2014 to January 2015 in Vernon, Connecticut and then as an AM from approximately January 2015 to March 2016, at Defendant's restaurants in Massachusetts.

14. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff Corliss regularly worked more than 40 hours in a workweek, but was not compensated for all overtime hours worked as an MIT or for any overtime hours worked as an AM. Corliss typically worked between 55 and 60 hours per week as an AM. Corliss was not paid overtime wages during any of the workweeks for the hours he worked as an AM in excess of 40 each week. Corliss typically worked about two uncompensated overtime hours each week as an MIT while studying and completing Defendant's required training materials after regular working hours.

15. At all times relevant hereto, Corliss was a covered employee within the meaning of the FLSA.

16. A written consent form for Corliss is attached hereto as Exhibit A.

*Plaintiff Matthew St. Pierre*

17. Plaintiff St. Pierre is an adult individual who is a resident of Brattleboro, Vermont.

18. St. Pierre was employed by Defendant as an AM from approximately May 2014 to August 2015 at Defendant's restaurants in Massachusetts and Vermont.

- 4 -

Case 3:17-cv-01169   Document 1   Filed 08/17/17   Page 4 of 14 PageID #: 4

19. Pursuant to Defendant's policy, pattern, and/or practice, St. Pierre regularly worked more than 40 hours in a workweek as an AM, but was not compensated for overtime hours worked. St. Pierre typically worked between 50 and 55 hours per week as an AM. St. Pierre was not paid overtime wages during any of the workweeks for the hours he worked as an AM in excess of 40 each week.

20. At all times relevant hereto, St. Pierre was a covered employee within the meaning of the FLSA.

21. A written consent form for St. Pierre is attached hereto as Exhibit B.

***Defendant***

22. Defendant American Blue Ribbon Holdings, LLC is a limited liability company with its principal place of business at 3038 Sidco Drive, Nashville, Tennessee 37204. ABRH is registered to do business in Tennessee.

23. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

24. Throughout the relevant period, Defendant employed Plaintiffs and other MITs and AMs within the meaning of the FLSA. Defendant has had substantial control over Plaintiffs' and other MITs' and AMs' working conditions and the unlawful policies and practices alleged herein.

25. At all times relevant, Defendant maintained control, oversight and direction over Plaintiffs and other MITs and AMs, including timekeeping, payroll, and other employment practices that applied to them.

26. Defendant applies the same employment policies, practices, and procedures to all MITs and AMs.

27. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

29. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

30. Venue is proper in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

31. Throughout their employment with Defendant, Plaintiffs and other MITs and AMs regularly worked in excess of 40 hours per week.

32. Defendant was aware (or should have been aware) that Plaintiff Corliss and MITs worked more than 40 hours per workweek and performed uncompensated work "off-the-clock," yet Defendant failed to pay them overtime compensation for all of the hours worked over 40 in a workweek.

33. Defendant was aware (or should have been aware) that Plaintiffs and AMs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

34. The primary duties of Plaintiffs and other AMs were non-exempt in nature. They performed the same duties as the hourly employees who were entitled to overtime such as cooking and preparing food, making drinks, cleaning the restaurant, washing dishes, serving food and drinks, food expediting, unpacking and stocking supplies, and performing customer service.

35. Plaintiffs and other AMs were closely supervised by their General Managers and other corporate employees, and through common corporate policies and procedures that defined and circumscribed their work. General Managers were responsible for the overall performance of the restaurants, and for coaching, evaluating and disciplining restaurant employees.

36. Plaintiffs and other AMs did not have authority to hire or fire restaurant employees, nor did they have much, if any, input into who was hired and fired.

37. During the relevant period, Defendant uniformly classified AMs as exempt from federal and state overtime pay requirements.

38. Defendant did not provide a sufficient amount of payroll money to its restaurants for non-exempt employees to work, thus forcing Plaintiffs and other AMs, who were not being paid any wages if they worked more than 40 hours, to primarily perform the work of non-exempt employees.

39. All of the work that Plaintiffs and other AMs and MITs performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and other AMs and MITs performed.

40. Defendant allowed Plaintiff Corliss and other MITs to perform uncompensated work while studying and completing Defendant's required training materials and training program.

41. Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

42. Defendant was aware, or should have been aware, that federal and state wage and hour laws required it to pay Plaintiffs and other MITs and AMs overtime compensation for all hours worked in excess of 40 per week.

43. Defendant was aware, or should have been aware, that Plaintiffs' and other AMs' primary duties were cooking and preparing food, making drinks, cleaning the restaurant, washing dishes, serving food and drinks, unpacking and stocking supplies, food expediting, and performing customer service, and that these duties do not fall within any overtime exemption under the FLSA.

44. Defendant's failure to pay Plaintiffs and other MITs and AMs overtime for all overtime hours worked was willful. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

45. Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendant as AMs at any Ninety Nine brand restaurant in the United States, on or after August 17, 2014, who elect to opt-in to this action (the "FLSA Collective").

46. Plaintiff Corliss brings the Second Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as MITs at any Ninety Nine brand restaurant in the United States, on or after August 17, 2014, who elect to opt-in to this action (the "FLSA Training Collective").

47. All of the work that Plaintiffs and the FLSA Collective and the FLSA Training Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective and FLSA Training Collective have performed.

48. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiffs, the FLSA Collective, and the FLSA Training Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully failing to pay Plaintiff Corliss and the members of the FLSA Training Collective overtime wages for all hours that they worked in excess of 40 hours per week during their training period; and

    c. willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA.

49. Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective and the FLSA Training Collective, an overtime premium for all hours worked in excess of 40 per workweek.

50. Plaintiffs and the FLSA Collective all perform or performed the same or similar primary duties.

51. Defendant's unlawful conduct has been widespread, repeated, and consistent.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiffs and the FLSA Collective)

52. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

53. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

54. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

55. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

57. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Plaintiffs and other similarly situated persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

59. Defendant failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

60. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

61. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

62. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

63. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(On behalf of Plaintiff Corliss and the FLSA Training Collective)**

64. Plaintiff Corliss realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

66. Plaintiff Corliss has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

67. At all relevant times, Plaintiff Corliss and other similarly situated current and former MITs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

69. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. At all relevant times, Plaintiff Corliss and other similarly situated MITs are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

71. Defendant failed to pay Plaintiff Corliss and other similarly situated current and former MITs all of the overtime wages to which they were entitled under the FLSA.

72. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to

comply with the FLSA with respect to its compensation of Plaintiff Corliss and other similarly situated current and former MITs.

73. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

74. As a result of Defendant's willful violations of the FLSA, Plaintiff Corliss and all other similarly situated MITs have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

75. As a result of the unlawful acts of Defendant, Plaintiff Corliss and other similarly situated current and former MITs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the FLSA Collective and FLSA Training Collective members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor's regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not

necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. A reasonable incentive award for each of the Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other AMs and MITs, and the risks they have undertaken.

F. Attorneys' fees and costs of the action; and

G. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Nashville, Tennessee
August 17, 2017

Respectfully submitted,

*/s/ Charles P. Yezbak, III*
Charles P. Yezbak, III, Esq.
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215
Tel: (615) 250-2000
Fax: (615) 250-2020
Email: yezbak@yezbaklaw.com

Gregg I. Shavitz, Esq.*
Alan Quiles, Esq.*
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel: (561) 447-8888
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com
Email: aquiles@shavitzlaw.com

Michael Palitz, Esq.*
SHAVITZ LAW GROUP, P.A.
830 Third Avenue, 5th Floor
New York, New York 10022

- 13 -

Tel: (800) 616-4000
Fax: (561) 447-8831
Email: mpalitz@shavitzlaw.com

***Attorneys for Plaintiffs and the Putative FLSA Collective and FLSA Training Collective***

*to apply for admission *pro hac vice*